Eric N. Peterson, Esq.
Avitus Group
175 N. 27th St., Ste. 800
Billings, MT 59101
Telephone:  (406) 255-7470
Facsimile:  (406) 255-7459
epeterson@avitusgroup.com

*Attorney for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BETTER BUSINESS SYSTEMS, INC., AVITUS DENTAL MANAGEMENT SOLUTIONS, INC. AND AVITUS, INC. | CV No.: 19-90-BLG-SPW |
| | Assigned for all purposes to: Hon. Susan P. Watters |
| Plaintiffs, | |
| vs. | |
| ELEVATE BILLING SOLUTIONS LLC, MICHAEL STIBBINS, LEANNA SAUERLENDER, AND JOHN DOES 1-10, | **FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

_____

COMES NOW Plaintiffs, Better Business Systems, Inc., Avitus Dental Management Solutions, Inc. and Avitus, Inc., who complain, allege, and aver as follows:

## PARTIES

1. Plaintiffs, Better Business Systems, Inc. ("BBS") and Avitus, Inc. ("AI"), are Montana corporations each with a principal place of business in Yellowstone County, Montana.

2. Plaintiff, Avitus Dental Management Solutions, Inc. ("ADMS") is a Colorado corporation with its principal place of business in Arapahoe County, Colorado.

3. Defendant, Elevate Billing Solutions, LLC ("Elevate"), is a Washington limited liability company with its principal place of business in Snohomish County, WA.

4. Michael Stibbins, an individual, is a resident of the State of Washington and a former employee of AI.

5. Leanna Sauerlender, an individual, is a resident of the State of Washington and a former employee of AI.

6. Plaintiffs AI and ADMS are wholly owned subsidiaries of Plaintiff BBS.

7. BBS, AI and ADMS, along with other sister corporations operate under the trade name of Avitus Group, and are collectively referred to herein as Avitus Group.

## JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. § 1332(a), based on complete diversity of the parties in that no Defendant is a citizen of the same state as the Plaintiff.

9. The amount in controversy in this case exceeds $75,000.00.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims in this suit occurred in this judicial district.

11. Upon information and belief, Defendants Stibbins and Sauerlender have pervasive and substantial contacts with the forum, including conducting business in Montana, purchasing goods and services in Montana, and attending conferences, trainings and other meetings at Plaintiffs' business headquarters in Montana.

12. Upon information and belief Defendants have conducted business in the forum and either have, or plan to solicit clients in the forum, including but not limited to, through the creation of a website by Defendants Stibbins and Sauerlender dedicated to the business of Defendant Elevate which solicits business from Montana.

13. Defendants have committed tortious actions, further described and detailed below, which resulted in the accrual of such torts within Montana.

14. Personal jurisdiction is proper as Defendants' individual and collective actions satisfy the requirements of Montana's long arm statute and the exercise of personal jurisdiction comports with the due process requirements of federal law.

## FACTS APPLICABLE TO ALL CLAIMS FOR RELIEF

15. AI is a professional employer organization ("PEO") that provides its clients with various back office business support services, including, but not limited to, payroll administration, human resources consulting and benefits administration.

16. ADMS is a business support services company which targets the dental industry offering back office support services tailored to dental practices, including, but not limited to, insurance verification, dental billing coding, claims filing, management and reconciliation, and accounts receivable management.

17. AI has a business development team that operates throughout the entire United States to sell Avitus Group products and services on behalf of all Avitus Group entities, including ADMS.

18. Sauerlender was employed by AI in its business development group as a Business Development Associate from April 30, 2018 to May 3, 2019.

19. As part of Sauerlender's acceptance of her offer letter, she agreed to a non-solicitation agreement preventing her, during the term of her employment and one year after, from soliciting business from a client or prospective client of Avitus Group, or inducing any client to terminate or alter their relation with Avitus Group.

20. Stibbins was employed by AI in its business development group as a Business Development Associate from June 5, 2017 to May 22, 2019.

21. On November 1, 2018, Stibbins was promoted to the role of Business Development Manager for AI and held that senior position until May 22, 2019.

22. Both Sauerlender and Stibbins worked directly with ADMS to sell and market its products and services to clients throughout the United States of America, including Montana.

23. As part of their employment, Sauerlender and Stibbins received training and information from AI and ADMS concerning their respective business operations, processes, and procedures, including attending training sessions, client meetings and other business meetings in Montana.

24. As part of their employment, Sauerlender and Stibbins had access to sensitive information of AI and ADMS, including but not limited to, trade secrets, trade dress, confidential information, client lists, prospect lists, and internally developed tools and procedures specific to ADMS' business operations and services.

25. As part of their employment with AI, Sauerlender and Stibbins attended various trade shows on Avitus Group's behalf to develop client prospects and potential client lists for the purpose of promoting and selling Avitus Group products and services in Montana and throughout the United States, including the products and services of ADMS.

26. Stibbins devoted a significant amount of his time to ADMS while employed by AI and attended numerous dental industry trade shows for the specific purpose of developing a list of prospective clients for ADMS, which included well over one-hundred (100) prospects.

27. Avitus Group is unaware of any activity Stibbins took to pursue these prospective clients on behalf of ADMS or any of the Plaintiffs.

28. On or about April 18, 2019, upon information and belief, while still employed by AI, Stibbins filed or caused to be filed paperwork with the Colorado Secretary of State to create a business entity called Ekimbo, LLC.

29. On or about April 18, 2019, upon information and belief, while still employed by AI, Sauerlender filed, or caused to be filed, paperwork with the Colorado Secretary of State to create a business entity called Joyle, LLC.

30. On or about April 24, 2019, upon information and belief, Stibbins and Sauerlender, through their alter-ego shell entities Ekimbo, LLC and Joyle, LLC, and while still employed by AI, filed or caused to be filed, paperwork with the Washington Secretary of State to establish Elevate.

31. Sauerlender ended her employment with AI on or about May 3, 2019.

32. Stibbins ended his employment with AI on or about May 22, 2019.

33. Elevate purports to offer services to dental practices nearly identical to that of ADMS, including but not limited to dental billing coding, claims filing, management and reconciliation, and accounts receivable management.

34. Upon information and belief, Elevate's website contains information, text, layout and graphic art substantially similar or identical to websites, webpages, client presentations and other marketing collateral owned by and/or created by Avitus Group and ADMS specifically.

## **COUNT 1 – BREACH OF NON-SOLICITATION AGREEMENT**

35. Plaintiffs' reallege each of the allegations contained in Paragraphs 1 through 34 above and incorporate them by reference as if fully restated herein.

36. Sauerlender entered into a binding non-solicitation agreement with Avitus Group.

37. Upon information and belief Sauerlender is a principal agent and actor of Elevate, through her sole membership in Joyle, LLC and through her employment with and activities on behalf of Elevate.

38. Upon information and belief, Elevate is in direct competition for clients and customers with Avitus Group, including but not limited to ADMS, throughout the United States and in Montana.

39. Upon information and belief, Sauerlender's actions on behalf of and in furtherance of Elevate's business are in direct violation of the non-solicitation agreement she voluntarily entered into with Avitus Group.

40. Plaintiffs have been damaged as a result of her breach of the non-solicitation agreement in an amount to be proven at trial.

41. Plaintiffs are entitled to injunctive relief against Sauerlender for her actions in violation of the non-solicitation agreement.

## COUNT II – THEFT OF TRADE SECRETS

42. Plaintiffs reallege each of the allegations contained in Paragraphs 1 through 41 above and incorporate them by reference as if fully restated herein.

43. Sauerlender and Stibbins both had access to considerable trade secrets of Avitus Group, specifically that of AI and ADMS, in their roles in the business development department.

44. The trade secrets Sauerlender and Stibbins had access to include, but are not limited to, processes, procedures, client lists, prospect lists and internal strategy and marketing materials.

45. Upon information and belief, Sauerlender and Stibbins wrongfully and unlawfully misappropriated Plaintiffs' trade secrets for their own benefit and for the benefit of Defendant Elevate.

46. Upon information and belief, Defendants are currently using these trade secrets to advance their own business interests and, in turn, are harming Plaintiffs' business interests.

47. Plaintiffs have been damaged by this theft of trade secrets in an amount to be proven at trial.

48. Plaintiffs are entitled to injunctive relief against the Defendants.

49. As a result of Defendants' actions, Plaintiffs are entitled to punitive damages and their reasonable attorneys' fees under the Uniform Trade Secrets Act and related state and federal statutes.

## COUNT III – TORTIOUS INTERFERENCE WITH CURRENT AND PROSPECTIVE CLIENTS

50. Plaintiffs reallege each of the allegations contained in Paragraphs 1 through 49 above and incorporate them by reference as if fully restated herein.

51. Upon information and belief, Defendants have wrongfully and tortiously interfered with Plaintiffs' business through their actions of misappropriating information concerning Avitus Group's client and prospect lists.

52. Upon information and belief, Defendants have used these lists and/or the information contained therein for the benefit of themselves and to the detriment of Plaintiffs, and have or plan to interfere with Plaintiffs' business relationships with current and prospective clients.

53. Plaintiffs have been damaged by Defendants' wrongful actions in an amount to be proven at trial.

54. Plaintiffs are entitled to injunctive relief against Defendants.

## COUNT IV – BREACH OF FIDUCIARY DUTIES AND GOOD FAITH AND FAIR DEALING

55. Plaintiffs reallege each of the allegations contained in Paragraphs 1 through 54 above and incorporate them by reference as if fully restated herein.

56. Upon information and belief, while Defendants Stibbins and Sauerlender were still employed by AI, they took actions in contravention of their fiduciary duties and duty of good faith and fair dealing to Plaintiffs, as detailed herein, including but not limited to, misappropriation of corporate assets, misappropriation of proprietary information, theft of trade secrets, misappropriation of trade dress and marketing materials, misappropriation of customer and client lists, making material misrepresentations about their intentions with ADMS, attending trade shows under false pretenses, and the formation of Defendant Elevate.

57. Upon information and belief Defendants Stibbins and Sauerlender attempted to conceal their improper actions through various methods, including, but not limited to, the formation of the alter-ego shell companies Ekimbo, LLC and Joyle, LLC, blocking co-workers on social media sites, and using false names to conceal their identities while representing the interests of Defendant Elevate.

58. Defendants Stibbins' and Sauerlender's breach of their fiduciary duties and the duty of good faith and fair dealing owed to Plaintiffs has harmed Plaintiffs in an amount to be proven at trial.

59. Plaintiffs are entitled to injunctive relief against Defendants for their wrongful actions.

## COUNT V – CONVERSION

60. Plaintiffs reallege each of the allegations contained in Paragraphs 1 through 59 above and incorporate them by reference as if fully restated herein.

61. Upon information and belief, Defendants have converted property belonging to Plaintiffs, as described herein, and including but not limited to: processes, procedures, intellectual property, trade dress, trade secrets, information contained on websites owned and operated by Plaintiffs, tools and electronic data or software owned and/or developed by Plaintiffs, and client and prospect lists.

62. Plaintiffs have been damaged by Defendants' actions in an amount to be proven at trial.

63. Plaintiffs are entitled to injunctive relief against Defendants.

## COUNT VI – THEFT OF TRADE DRESS

64. Plaintiffs' reallege each of the allegations contained in Paragraphs 1 through 63 above and incorporate them by reference as if fully restated herein.

65. Upon information and belief, Defendants have misappropriated Plaintiffs' trade dress in violation of state and federal trademark law, and common law, including but not limited to misappropriating materials, text, and visual media from Plaintiffs' website, client presentations and published marketing materials all of which Defendants had access to.

66. Defendants' theft and misappropriation of Plaintiffs' trade dress is wrongful.

67. Plaintiffs have been damaged by Defendants' actions in an amount to be proven at trial.

68. Plaintiff is entitled to injunctive relief against Defendants.

## COUNT VII – UNJUST ENRICHMENT

69. Plaintiffs reallege each of the allegations contained in Paragraphs 1 through 68 above and incorporate them by reference as if fully restated herein

70. Defendants actions described in this complaint were wrongful and damaging to Plaintiffs.

71. Defendants have been unjustly enriched by these actions, and to the detriment of Plaintiffs.

72. Plaintiffs are entitled to damages against Defendants for this unjust enrichment in an amount to be proven at trial.

73. Plaintiffs are entitled to injunctive relief against the Defendants.

## COUNT VIII – DECEIT

74. Plaintiffs reallege each of the allegations contained in Paragraphs 1 through 73 above and incorporate them by reference as if fully restated herein.

75. Upon information and belief Defendants Stibbins and Sauerlender through their actions described herein and fully detailed in the preceding causes of action, willfully deceived Plaintiffs through material misrepresentations of facts, assertions represented as facts which were not true, the suppression of facts Defendants were bound to disclose to Plaintiffs, and/or made promises to Plaintiffs with no intention of performing such promises.

76. Defendants Stibbins and Sauerlender did so with the intent to deceive, mislead and induce Plaintiffs into actions that altered Plaintiffs' positions, and induced actions that Plaintiffs would not have taken, including but not limited to, actions concerning their continued employment, their involvement with the promotion of ADMS, sending Defendants Stibbins and Sauerlender to trade shows on Plaintiffs' behalf, the provision of training to Defendants Stibbins and Sauerlender and providing Defendants Stibbins and Sauerlender access to Plaintiffs' trade secrets, proprietary information and trade dress.

77. Plaintiffs were damaged by Defendants Stibbins' and Sauerlender's actions in an amount to be proven at trial.

## COUNT IX – FRAUD

78. Plaintiffs reallege each of the allegations contained in Paragraphs 1 through 77 above and incorporate them by reference as if fully restated herein.

79. Upon information and belief, Defendants Stibbins and Sauerlender made material misrepresentations to Plaintiffs while they were employed by AI for the purposes of gaining access to sensitive information, documents, trade secrets, trade dress, propriety processes and procedures, and client and prospect lists.

80. Upon information and belief these misrepresentations include, but are not limited to, an interest in promoting ADMS services to clients throughout the United States, attending trade shows on behalf of Plaintiffs to promote ADMS services and products, generate prospects and develop trade relationships, and gaining knowledge and understanding of ADMS' proprietary pricing, processes and procedures.

81. Upon information and belief these representations were false, which is evidenced by the actions of Defendants Stibbins and Sauerlender, including but not limited to, their clandestine creation of Ekimbo, LLC and Joyle, LLC while still employed by AI, their use of these alter-ego shell entities to form Defendant Elevate while still employed by AI, their attendance at trade shows to generate a prospective client list though none of these leads was ever actively pursued while employed by

AI, and the general concealment of their true intention of creating their own competing company in their interactions with Plaintiffs.

82. Plaintiffs materially and reasonably relied on their false representations, to their detriment.

83. Plaintiffs have been damaged as a result of their reliance in an amount to be proven at trial.

84. Plaintiffs are entitled to punitive damages and an award of attorney's fees.

### COUNT X – CONSPIRACY

85. Plaintiffs reallege each of the allegations contained in Paragraphs 1 through 84 above and incorporate them by reference as if fully restated herein.

86. Upon information and belief, Defendants made an agreement to act in concert with the intention of effectuating the actions described herein.

87. Upon information and belief, these actions were unlawful and were engaged in knowingly, willfully and purposefully with the intent of harming Plaintiffs.

88. These actions resulted in damages to Plaintiffs in an amount to be proven at trial.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for the following relief:

1. Judgment in Plaintiffs' favor on all counts pled herein;

2. Monetary damages in an amount to be determined at trial;

3. For punitive damages on all counts where such are allowed under law;

4. For reasonable attorneys' fees and costs of suit incurred in connection with this action; and

5. For injunctive relief;

6. Such other and further relief as this Court deems just and necessary.

## JURY DEMAND

Plaintiffs hereby request a jury trial of all issues so triable.

DATED this 27 day of September, 2019.

By:_____
ERIC N. PETERSON, *Esq.*
General Counsel for Avitus, Inc.
175 N. 27th St., Ste. 800
Billings, MT 59101
*Attorney for Plaintiff*